### EDWARDS *et al. v.* CITY OF WATERTOWN.

(*Supreme Court, General Term, Fourth Department.* February, 1891.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
When it does not appear that the findings of the referee are not supported by the evidence, or that they are not in accordance with the weight of the evidence, they will not be disturbed on appeal.

2. EVIDENCE—ADMISSIONS.
While an action against a city was pending, the city council passed a resolution instructing the mayor to settle the claim. There was no other consideration for the resolution than that payment of the claim would relieve defendant from further defense, and one of the attorneys declared that he would not accept the proposition contained in the resolution, and the trial proceeded accordingly. *Held,* that the fact did not show an admission of liability by defendant.

3. SAME.
When an attorney in fact leased rooms to a city for public offices at $400 per year, and afterwards sued the city for labor and material furnished in fitting them for occupancy, claiming under an independent contract, which was denied, it was proper to admit in evidence an article published by him in a newspaper pending negotiations for the lease, setting forth the advantages of the rooms, and stating that the owners offer to make alterations and fit them up complete without any expense to the city beyond the annual rent of $400.

Appeal from judgment on report of referee.

Action by John Edwards and Robert D. Sparks against the city of Watertown. The action was to recover for work, labor, and services claimed to have been rendered by the plaintiff John Edwards, and for materials claimed to have been furnished for the defendant. Plaintiffs claim there was an express contract for the services and materials mentioned in the complaint. Defendant claims the services rendered and materials furnished were for the owners of the rooms that were leased. The referee found that John Edwards was the agent or attorney in fact of Adelia Jane Sparks, Helen M. Edwards, and Susan Hayes in the management of the building known as the "Hayes

Block," upon which the repairs were made, and that he offered the same for the use of the city for an annual rental of $400. The sixth finding of fact sets forth a letter written by Edwards during the negotiations, and published in a newspaper, setting forth the advantages of the Hayes block, for city offices, over other buildings contemplated. In this letter he says: "The rooms are all that can be desired, and the owners offer to make any alterations and fit them up complete, and have them all ready for their occupation without one cent of expense to the city other than an annual rent of $400." This letter was admitted in evidence against his objection. The referee further found "that the defendant, at or before the execution of said lease, had made no agreement, expressed or implied, to pay said Edwards for the fitting up and furnishing said rooms suitable for occupancy, as aforesaid, nor had he made any claim of the existence of such a promise." He also found, viz., "that the value or cost of said fitting and furnishing of said rooms does not distinctly appear by any evidence given before me." He found, as a conclusion of law, "that the defendant is not indebted to the plaintiff for or on account of any of the matters set forth in the complaint." From a judgment for defendant, plaintiffs appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Edward McKinley* and *Moore & Moore,* for appellants. *Porter & Walts,* for respondent.

HARDIN, P. J. Whether there was a contract existing between the plaintiff Edwards and the defendant in respect to the matters referred to in the complaint was a question of fact. There was a great variety of evidence given bearing upon the question. There was a conflict in the evidence, and after looking into the evidence, and bearing in mind the rule laid down by the court in *Roe* v. *Roe,* 14 Hun, 613, that "the findings are not conclusive, but the whole evidence is open to examination by the appellate court," we are of the opinion that we ought not to disturb the conclusion of fact reached by the referee. We are not able to say that the findings are not supported by evidence, nor that they are not in accordance with the strength and weight of the evidence.

2. It seems that the common council of the defendant, on the 26th of April, 1882, after the litigation in this case had been quite extensive, passed a resolution to the effect that its mayor was instructed to settle the claim. It is found as a fact that the resolution "was without consideration other than that payment pursuant to it would have relieved the deft. from further defense of this action." While there were some steps being taken to carry out the resolution, among others an attempt to adjust the costs, it is found as a fact that one of the attorneys stated and declared that "he would not accept the proposition of the resolution and proceedings mentioned in the 13th finding herein, but go on with the trial of the action, which was accordingly done." We see nothing in the resolution which should be held to conclusively establish the liability of the defendant. Our attention is called to *Calanan* v. *McClure,* 47 Barb. 206, which is to the effect that the "admissions of a party, whether of law or of fact, which have been acted upon by another, are conclusive against the party making them, as between him and the person whose conduct he has influenced; and this whether the admissions are made in express language to the person himself or are implied from the open and general conduct of the party." We see nothing in the case which aids the appellants.

3. Defendant offered in evidence an article published in the Morning Dispatch, bearing date September 19, 1874, over the signature of the plaintiff John Edwards, and it was conceded that the printed matter is a copy of the letters published in the newspaper, "and left there by Edwards for publication." It was also conceded that Edwards "did see at time of publication ·

the copy as printed apparently over his signature." This was objected to as incompetent and immaterial, among other grounds. The objections were overruled, and the article was received in evidence, and the article is set out in the sixth finding of fact made by the referee. We thing the evidence was properly received as bearing upon the disputed questions of fact arising in the course of the trial. Having found no erroneous rulings made by the referee during the progress of the trial, and being of the opinion that his conclusion of law based upon the findings of fact made by him is correct, we must sustain the judgment entered upon the report of the learned referee. Judgment affirmed, with costs. All concur.